UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Case No.: 19-cv-1811 (AT)
CEDRIC BISHOP AND ON BEHALF OF
OTHER PERSONS SIMILARLY SITUATED,
                Plaintiffs,

-against-                                        ANSWER

MIDLAND BOAT SALES CORP., D/B/A/
KEHL'S FAMILY BOATING CENTER,
                Defendant.
------------------------------------------------------------X

      Defendant MIDLAND BOAT SALES, d/b/a KEHL'S FAMILY BOATING CENTER ("Midland" or "defendant") herein sets forth its answer to the Class Action Complaint respective to each numbered paragraph thereof:

1. Admits;
2. Lacks information sufficient to admit or deny;
3. Lacks information sufficient to admit or deny;
4. Admits plaintiff has brought this action; otherwise denies in all respects;
5. Denies;
6. Admits;
7. Admits;
8. Denies except lacks information sufficient to admit or deny that plaintiff resides in this District;
9. Denies;
10. Admits;
11. Admits;
12. Admits;
13. Admits to participation in boat fair, denies having conducted boat fair;
14. Admits to participation in boat fair, denies having conducted boat fair;
15. Allegations and conclusions of law are left to the sound discretion of the Court and require no answer, otherwise denies;
16. Allegations and conclusions of law are left to the sound discretion of the Court and require no answer, otherwise denies;
17. Lacks information sufficient to admit or deny;
18. Admits;
19. Admits;
20. Allegations and conclusions of law are left to the sound discretion of the Court and require no answer, otherwise denies;
21. Lacks information sufficient to admit or deny;
22. Lacks information sufficient to admit or deny;
23. Lacks information sufficient to admit or deny;
24. Lacks information sufficient to admit or deny;

25. Lacks information sufficient to admit or deny;
26. Lacks information sufficient to admit or deny;
27. Admits;
28. Denies;
29. Lacks information sufficient to admit or deny;
30. Lacks information sufficient to admit or deny;
31. Lacks information sufficient to admit or deny, except denies that defendant's website was inaccessible to plaintiff;
32. Lacks information sufficient to admit or deny, except denies that plaintiff was denied full and equal access to the facilities and services offered to the public and made available to the public, denies that plaintiff was denied full enjoyment of the facilities and services of the defendant's website and of the facilities and services of defendant's physical sales locations in all respects alleged;
33. Lacks information sufficient to admit or deny whether plaintiff attempted to navigate defendant's website, otherwise denies in all respects;
34. Denies;
35. Denies;
36. Denies;
37. Denies;
38. Lacks information sufficient to admit or deny whether plaintiff has attempted to use the defendant's website, otherwise denies;
39. Denies;
40. Denies;
41. Allegations and conclusions of law are left to the sound discretion of the Court and require no answer, otherwise denies;
42. Denies;
43. Denies;
44. Denies;
45. Denies that the defendant's website is not accessible to visually impaired customers; otherwise is incapable of formulating an answer due to the vagueness of terms set forth including "substantial sums" and "significant revenue, otherwise denies;
46. Denies;
47. Admits that plaintiff seeks to certify a nationwide class; otherwise denies;
48. Admits that plaintiff seeks to certify a New York State subclass; otherwise denies;
49. Admits that plaintiff seeks to certify a New York City subclass; otherwise denies;
50. Admits that common questions of law and fact exist; otherwise denies;
51. Lacks information sufficient to admit or deny;
52. Lacks information sufficient to admit or deny;
53. Denies;
54. Denies;
55. Defendant repeats each response to paragraphs 1-54 as if fully set forth;
56. Admits that plaintiff's recitation of the cited statutory provision is accurate;
57. Allegations and conclusions of law are left to the sound discretion of the trial Court and require no answer, otherwise denies.
58. Admits that plaintiff has fairly paraphrased the cited statutory provision;
59. Admits that plaintiff has fairly paraphrased the cited statutory provision;

60. Admits that plaintiff's recitation of the cited statutory provision is accurate;
61. Denies;
62. Denies except admits plaintiff seeks the remedies set forth;
63. Defendant repeats each response to paragraphs 1-62 as if fully set forth;
64. Admits that plaintiff's recitation of the cited statutory provision is accurate;
65. Admits except denies that defendant's website is a "service that is heavily integrated with [its] physical locations and is a gateway thereto."
66. Admits;
67. Denies;
68. Admits that plaintiff's recitation of the cited statutory provision is accurate;
69. Admits that plaintiff's recitation of the cited statutory provision is accurate;
70. Lacks information sufficient to admit or deny that "well-established guidelines exist on the internet for making websites accessible to the blind and visually impaired" have been "followed by other large business entities and government agencies" in the manner set forth; otherwise denies;
71. Denies;
72. Denies;
73. Denies;
74. Denies;
75. Denies;
76. Denies;
77. Denies except admits plaintiff seeks the remedies set forth;
78. Defendant repeats each response to paragraphs 1-77 as if fully set forth;
79. Admits that plaintiff's recitation of the cited statutory provision is accurate;
80. Allegations and conclusions of law are left to the sound discretion of the trial Court and require no answer, otherwise denies.
81. Denies;
82. Denies;
83. Denies;
84. Denies;
85. Denies;
86. Denies;
87. Denies;
88. Denies;
89. Denies;
90. Denies except admits plaintiff seeks the remedies set forth;
91. Defendant repeats each response to paragraphs 1-90 as if fully set forth;
92. Admits;
93. Denies;

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94. Plaintiff did not, as a result of the allegations set forth above suffer an injury that is concrete and particularized and actual or imminent.
95. Plaintiff is not currently deterred from patronizing any public accommodation as alleged above due to the defendant's alleged noncompliance with the ADA;

96. Plaintiff was not threatened with harm in the future because of existing or imminently threatened noncompliance;
97. Plaintiff has no intent to return to the defendant's place of business and has has suffered neither an actual nor imminent injury, and thus has no standing.
98. The purpose for which the plaintiff initially visited the defendant's website and Javits Center exhibition was not to enjoy the business's services;
99. Plaintiff made only one visit to the Javits Center exhibition and upon information and belief, made only one visit to the defendant's website;
100. Upon information and belief, defendant's aforesaid visits were solely for the purpose of filing the within action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
101. When plaintiff visited defendant's exhibition at the Javits Center, he was accompanied throughout his visit;
102. During the said visit, the person so accompanying plaintiff explained and described all services and accommodations existing at the time and answered all plaintiff's questions with respect to all boating matters;
103. Plaintiff had no intention of purchasing a boat or other item sold or promoted during the Javits Center exhibition.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
104. Imposing liability on defendant would violate its Fourteenth Amendment right to due process in that the ADA is impermissibly vague with respect to its application and imposition of liability under the circumstances and allegations set forth in the complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
105. Defendant did not receive fair notice that its website was not compliant with the ADA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
106. The ADA's coverage is limited to physical spaces and not to defendant's website;
107. The physical location where to which defendant alleges a nexus to its website is not defendant's place of business but only an exhibition center which defendant does not own or control;

## AS AND FOR A SIXTH AFFIRMATIVE DEFENE
108. Defendant's physical place of business is located in Suffolk County, and accordingly is outside this District.
109. Venue in this District is therefor improper.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
110. Defendant's website is not a place of public accommodation under Title III of the ADA;
111. WCAG, as referenced in paragraph 25 of the complaint is not law and any adoption of those guidelines would violate due process;

112. Defendant is in compliance with the ADA because, *inter alia*, plaintiff has not been deprived of the full benefit of and equal access to the services and goods in defendant's place or places of business.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

113. At a minimum, defendant's website conforms to and is compliant with WCAG 2.0 A standards and requirements and is therefore compliant with the ADA.

WHEREFORE, defendant respectfully seeks judgment dismissing the complaint, together with the costs, expenses, disbursements and reasonable attorney's fees, and for whatever other and further relief this Court may deem just and proper.

Dated: New York, New York
April 15, 2019

Respectfully submitted,

CARBONARO LAW, PC
Attorney for the Defendant
MIDLAND BOAT SALES CORP.,
D/B/A/KEHL'S FAMILY BOATING CENTER
275 Madison Avenue, 6th Floor
New York, New York 10016
(212) 880-1535
Email: joe@jcarbonarolaw.com


By: /s/ Joseph W. Carbonaro
Joseph W. Carbonaro (jc-9741)

To: Gottlieb & Associates
Attorneys for the Plaintiff
150 West 18th Street, Suite PHR
New York, New York 10003